**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JOHN DOE, JANE DOE, and WAYNE DOE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN RATCLIFFE DIRECTOR CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | Civil Action No. 1:26-cv-1912 <br><br><br> **CLASS ACTION COMPLAINT** |

**COMPLAINT**

Shortly after Former President Biden ordered in September 2021 that all federal employees and government contractors be forced to take the COVID-19 vaccine, the Central Intelligence Agency treated all unvaccinated employees and contractors with the Agency as threats to the United States government and investigated them as though they were foreign spies. No authority existed for these orders, and the Agency has refused to undo any negative effects from these investigations. These affected employees and contractors now ask the Court to find the investigation order and subsequent refusal to remove the investigative material and all other adverse notations, were arbitrary, capricious, an abuse of discretion, and contrary to law or regulation, and direct the Agency to take appropriate corrective action.

## PARTIES

1.      Plaintiff John Doe is a Multidiscipline Security Officer employed by the Central Intelligence Agency. He has never received a COVID-19 vaccine.

2.      Plaintiff Jane Doe is a Staff Operations Officer employed by the Central Intelligence Agency. She has never received a COVID-19 vaccine.

3.      Plaintiff Wayne Doe is a cybersecurity architect contractor with the Central Intelligence Agency. He has never received a COVID-19 vaccine.

4.      Defendant John Ratcliffe is the Director of the Central Intelligence Agency. He is the highest-ranking official within the Central Intelligence Agency, and the final decision maker on any decision made by the Agency.

## JURISDICTION AND VENUE

5.      This action is brought under the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq*., challenging the Central Intelligence Agency's order to have all employees and contractors who refused the COVID-19 vaccine to be investigated by the Agency's Counter Espionage Department, and the Agency's subsequent refusal to remove any adverse information from each employee's and contractor's respective personnel files that was caused by the investigation.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(e) because this is the judicial district in which Defendant is located and is where all events giving rise to the claim occurred.

**STATEMENT OF FACTS**

7.    In September 2021, President Biden issued two Executive Orders, 14042 and 14043, that required mandatory COVID-19 vaccination of federal employees and federal government contractors.

8.    Shortly after these executive orders were issued, the Chief Operating Officer of the Central Intelligence Agency directed that all unvaccinated employees and contractors be investigated by the Agency's Counter Espionage Department, within the Counterintelligence Mission Center.

9.    The Counterintelligence Mission Center was created to investigate foreign espionage and sabotage operations.[1] In other words, any employee or contractor who refused the vaccine was treated by the Agency as a threat to the United States government and ordered to be investigated as the same.

10.    The Counter Espionage Department utilizes invasive investigative techniques. Once an individual is investigated, any information from the investigation will be retained by the Department and can be used by the Agency for any reason it deems necessary.

11.    In 2025, a whistleblower notified the Office of Director of National Intelligence's Director's Initiatives Group ("the DIG") about this potentially unlawful investigation order. The DIG was established in March 2025 by then-Director Tulsi Gabbard to investigate "weaponization" and to "root[] out deep-seeded politicization" with the goal of "rebuilding trust in the [Intelligence Community]."[2] The DIG sent a series of requests for information to the Director

---

[1] Counterintelligence at CIA: A Brief History, March 23, 2018, available at:
https://www.cia.gov/stories/story/counterintelligence-at-cia-a-brief-history/ (last visited June 28, 2026).

[2] Director's Initiatives Group, available at: https://www.dni.gov/index.php/newsroom/dig (last visited June 29, 2026).

of the Central Intelligence Agency, asking, among other things, how many employees and contractors were affected and what authority permitted the Chief Operating Officer to order the investigations. The Agency confirmed thousands of employees and contractors were investigated. The Agency refused to answer under what authority the Chief Operating Officer issued the investigation order.

12.    On March 2, 2026, one of the unvaccinated employees formally requested the Office of the Director of the Central Intelligence Agency remove all investigatory material and permanent notations stemming from these investigations. The Agency never responded to this request.

## CLASS ACTION

13.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 23 on behalf of the following Class:

> Employees and Contractors who were investigated by the Central Intelligence Agency's Counter Espionage Department pursuant to the Chief Operating Officer's order for all individuals unvaccinated for COVID-19 to be investigated.

14.    Under Fed. R. Civ. P. 23(a)(1), the class is so numerous that joinder of all members is impracticable. According to the Agency, thousands of employees and contractors were investigated.

15.    Under Fed. R. Civ. P. 23(a)(2)-(3), the class has commonality and typicality. Each employee and contractor was investigated by the Counter Espionage Department for the sole reason of being unvaccinated.

16.     Under Fed. R. Civ. P. 23(a)(4), the three named Plaintiffs will adequately represent the class. Each Plaintiff is unvaccinated and was investigated by the Counter Espionage Department.

17.     Under Fed. R. Civ. P. 23(b)(1)(B), adjudication with respect to each individual class member would be dispositive of the interests of the other members, as each individual class member was investigated and the Agency retains information on that individual stemming from the investigation.

18.     Under Fed. R. Civ. P. 23(b)(2), the Agency has acted on grounds that apply generally to the entire class by investigating each individual class member, such that final declaratory relief is appropriate respecting the entire class.

19.     Under Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the entire class, and class action is the most superior method available to adjudicate these questions fairly and efficiently. It would otherwise be difficult to entertain thousands of individual complaints.

## CAUSE OF ACTION

20.     Plaintiffs incorporate the preceding paragraphs as though fully stated herein.

21.     The APA authorizes a Court to review an Agency's final action for arbitrariness, capriciousness, an abuse of discretion, and otherwise contrary to law or regulation.

22.     The Chief Operating Officer's order for all unvaccinated employees and contractors was arbitrary, capricious, an abuse of discretion, and unauthorized by law or regulation. The Agency had no legitimate reason to treat unvaccinated employees and contractors as threats to the United States government, and the Agency has not articulated any authority that permitted the Chief Operating Officer to do so.

23.    The Agency's failure to remove all adverse information from each employee's and contractor's files was arbitrary, capricious, and an abuse of discretion. This failure inherently implies the Agency still views these unvaccinated employees and contractors as threats to the United States government.

**RELIEF**

Wherefore, Plaintiffs respectfully pray that this Honorable Court:

1.  Certify a class of Plaintiffs under the scope listed in paragraph 13.

2.  Declare the Chief Operating Officer's order for all unvaccinated employees and contractors to be investigated by the Agency's Counter Espionage Department was arbitrary, capricious, an abuse of discretion, and contrary to law or regulation;

3.  Declare the Agency's refusal to remove any adverse information stemming from these investigations was arbitrary, capricious, and an abuse of discretion;

4.  Direct the Agency to remove all adverse information from each affected employee's and contractor's records;

5.  Award reasonable attorneys' fees and allowable costs under the Equal Access to Justice Act; and

6.  Award any further relief this Honorable Court deems necessary or appropriate in order to accord full and complete relief.

Dated: June 30, 2026                                    Respectfully submitted,

                                            /s/ E. Scott Lloyd
                                            E. Scott Lloyd
                                            VA Bar 76989
                                            LLOYD LAW GROUP, PLLC
                                            106 Chester Street, Suite 1
                                            Front Royal, VA 22630

6

540-823-1110
scott@lloydlg.com
*Local Counsel*

/s/ *Carol A. Thompson*
Carol A. Thompson
ASHBROOK BYRNE KRESGE FLOWERS LLC
PO Box 8248
Cincinnati, OH 45249
817-994-2765
cathompson@abkf.com
*Pro Hac Vice Application Pending*

*Counsel for Plaintiffs*